UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN L. WEI,

      Petitioner,      Case No. 1:15-cv-259

v.                Honorable Robert J. Jonker

THOMAS MACKIE,

      Respondent.
_____/

## OPINION

    This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

      I.        Factual allegations

Following a jury trial in Muskegon County Circuit Court, Petitioner was convicted of three counts of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(a), and two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a). On January 13, 2012, he was sentenced to 71 months to 15 years' imprisonment for each second-degree criminal sexual conduct conviction and 25 to 45 years' imprisonment for each first-degree criminal sexual conduct conviction.

Petitioner appealed the judgment of conviction to the Michigan Court of Appeals. In the brief filed by his appellate attorney, Petitioner contended that the evidence was insufficient to convict him and the prosecutor engaged in misconduct. (*See* Pet., docket #1, Page ID#4.) In a *pro per* supplemental brief, Petitioner also raised the following issues:

    I.      Defendant was deprived of Due Process, Equal Protection, and other Constitutional Rights when he was unlawfully charged with two added counts of First Degree Criminal Sexual Conduct.

    II.     Defendant's 14th Amendment Right to Due Process was violated when Judge Hicks abused his discretion denying Defendant a fair and neutral arbitrator.

    III.    Defendant's 14th Amendment right to a fair trial was violated when he was goaded into a mistrial subsequently violating his 5th Amendment protection against Double Jeopardy.

    IV.    Dr. Buchanan, an expert witness in the areas of child sexual abuse and emergency medi[cine] was impermissibly allowed to testify to someone else's statements that the complainant was the victim of sexual penetration. This constitutional error requires reversal because it invaded the provi[]nce of the jury as ultimate fact finder. Thus, violating the defendant's constitutional due process right to a fair trial.

    V.     Defendant's constitutional due process right to a fair trial was denied when the prosecutor prompted the complainant to mark a diagram depicting a

    spread eagle vagina differently than she did at the first trial, thus implying that the defendant must have committed the offense of first degree criminal sexual conduct.

 VI. Defendant's 6th Amendment right to a speedy trial was denied when the prosecution failed to bring him to trial in a timely fashion.

 VII. Whether the prosecution's actions rendered the entire trial and all proceedings pertaining thereto unfair[,] tantamount to a due process deprivation.

(Def.-Appellant's Standard 4 Br. on Appeal, docket #1-1, Page ID#45.) In the concluding statements of his appellate brief, Petitioner asserted that he was denied the effective assistance of appellate counsel because his appellate attorney "failed to properly familiarize himself with defendant's case" and failed to "effectively present the two issues he did raise . . . ." (*Id.* at Page ID##99-100.)

   In a per curiam opinion entered on October 17, 2013, the Michigan Court of Appeals rejected Petitioner's claims and affirmed the judgment of the circuit court. Petitioner moved for reconsideration, but his motion was denied on December 16, 2013. Petitioner also filed a "memorandum" in which he requested the opportunity to raise the issue of ineffective assistance of appellate counsel, because appellate counsel allegedly failed to effectively present the claims raised in counsel's brief, and failed to present other viable claims. (*See* Memo. of Ineffective Assistance of Appellate Counsel D. Rust, docket #1-5, Page ID##145-46, 150-51.) The Michigan Court of Appeals refused to consider Petitioner's memorandum "because there is no provision in the court rules to accept such a filing." (Letter to Pet'r from Mich. Ct. of App. (Dec. 6, 2013), docket #1-5, Page ID#155.)

   Petitioner then sought leave to appeal to the Michigan Supreme Court, raising the same seven issues that he raised in his *pro per* brief on appeal, as well as the issue of ineffective assistance of appellate counsel. The Michigan Supreme Court denied leave on April 28, 2014,

because it was not persuaded that the questions presented should be reviewed. Petitioner also filed a petition for writ of certiorari to the United States Supreme Court, which denied the petition on November 6, 2014.

Petitioner filed the instant action on or about March 12, 2015, raising the following grounds for relief:

> I. Prosecution committed many errors facilitating their charges of 1st CSC during the 6 month span up to the 1st trial.
>
> II. Judge Timothy Hicks, trial judge, abused his discretion in multiple ways in favor of the prosecutor.
>
> III. [Petitioner's] 5th Amend. protection against Double Jeopardy was violated, 14th Amend. right to fair trial violated, when prosecution used a huge Brady violation to halt trial and goad defense into moving for a mistrial.
>
> IV. During both trials, the jury was prejudiced against defense when prosecutor used an Expert witness with improper testimony.
>
> V. Violation of 14th Amend. when prosecutor Hedges used a diagram that was fundamentally prejudicial in its nature, while manipulative in its use.
>
> VI. [Petitioner's] 6th Amendment Speedy Trial was violated over a 19 month span from arrest to conviction.
>
> VII. Prosecutors committed misconduct in their actions and words during proceedings and prejudicial comments.
>
> VIII. Ineffective Assistance of Appellate Counsel Daniel Rust.

(Pet., docket #1, Page ID##8, 18, 20, 22, 23, 25, 27, 29.) The first seven of Petitioner's grounds for relief roughly correspond to the seven issues that he raised in his *pro per* brief on appeal, which were considered and rejected by the Michigan Court of Appeals. In contrast, Petitioner raised the eighth ground for relief (1) in a brief reference in the closing remarks to his *pro per* brief on direct appeal,

(2) in a procedurally improper "memorandum" to the Michigan Court of Appeals, and (3) in his application for leave to appeal to the Michigan Supreme Court.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Based on the petition and attachments thereto, it appears that at least one of Petitioner's claims has not been exhausted: the claim regarding the ineffective assistance of appellate counsel. Petitioner did not properly present this claim on appeal to the Michigan Court of Appeals. Instead of asserting it as a separate ground for relief on appeal, he made a passing reference to it in the concluding paragraph of his *pro per* brief. Rule 7.212(C)(5) of the Michigan Court Rules

-5-

requires an appellant to file a statement of the questions involved, with each issue for appeal separately numbered. Issues not placed in the statement of questions are waived. *Van Buren Twp. v. Garter Belt, Inc.*, 673 N.W.2d 111, 134 (Mich. Ct. App. 2003). By failing to assert the claim of ineffective assistance of appellate counsel in one of the enumerated questions presented on appeal, Petitioner did not fairly present the issue for review by the Michigan Court of Appeals. Referring to this claim in the concluding remarks to his brief was "not the procedurally appropriate way to pursue [it] in the Michigan Court of Appeals, and cannot satisfy the fair-presentation requirement without evidence that court actually considered the claim." *Woods v. Booker*, 450 F. App'x 480, 490 (6th Cir. 2011) (holding petitioner's claim not fairly presented where it was not included in the statement of questions presented on appeal). Here, there is no evidence that the court of appeals actually considered this claim.

  Moreover, Petitioner did not fairly present his claim by raising it in a memorandum after the court of appeals issued its decision denying the appeal. The court of appeals rejected the memorandum because it was procedurally improper. Presentation of a claim in a manner not permitted by state procedural rules does not satisfy the exhaustion requirement. *See Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

  In addition, Petitioner did not fairly present his claim when he raised it before the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to properly raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's

highest court. *See, e.g.*, *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010). Thus, Petitioner's claim that appellate counsel was ineffective has not been properly presented for review by the state appellate courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). According to his petition, Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to satisfy the exhaustion requirement, Petitioner must raise any unexhausted issues in a motion for relief from judgment in the Muskegon County Circuit Court. If his motion is denied by the circuit court, Petitioner must present the same issues in an appeal to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and at least one that is not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled

during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 28, 2014. Petitioner also filed a petition for certiorari to the United States Supreme Court, which was denied on November 6, 2014. Accordingly, absent tolling, Petitioner would have one year, until November 6, 2015, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision,

he is not in danger of running afoul of the statute of limitations.[1] Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue any unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under

---

[1]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


       /s/Robert J. Jonker      
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

Dated:  March 26, 2015