UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN L. WEI,

        Petitioner,

CASE NO. 1:15-CV-259

v.

HON. ROBERT J. JONKER

THOMAS MACKIE,

        Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation (ECF No. 25) and Petitioner's Objections to the Report and Recommendation (ECF No. 26). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Petitioner's Objection to it. After its review, the Court finds the Magistrate Judge correctly concluded that Petitioner is not entitled to habeas corpus relief.

The Magistrate Judge recommends denial of Petitioner's habeas petition. In his Objection, Petitioner primarily reiterates and expands upon arguments presented in his original brief. While at first glance Petitioner's brief appears to raise specific objections to the Magistrate's analysis, a deeper review reveals that Petitioner largely incorporates his previous arguments and fails to address the Magistrate Judge's analysis in a meaningful and direct way. The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. Furthermore, the Magistrate Judge properly analyzed Petitioner's claims. Petitioner spends several pages in his Objection asserting various defects in pretrial proceedings that he says were not considered by the Magistrate Judge. He contends these alleged errors rendered the trial court without jurisdiction to hear the case. The Court disagrees that these arguments were ignored. To the contrary, the Magistrate Judge visited these arguments at length and correctly concluded they were either non-cognizable on habeas review, without merit, or did not affect the validity of his conviction. The Court agrees.

The remaining portion of Petitioner's Objection merely reflects disagreement with the Magistrate Judge. On de novo review, this discussion does not persuade the Court that a different result must issue. Petitioner insists, for example, that the prosecutor committed misconduct and paraphrases a comment from the prosecutor that he contends was not recorded in the trial transcript. Of course, this falls far below a showing of admissible evidence of prosecutorial misconduct.

Indeed the only question in the Court's mind is whether the Magistrate's discussion regarding Ground IV of the habeas petition is necessary. In this ground for relief, Petitioner alleges the trial court erred by admitting certain hearsay testimony of Dr. Buchanan. While Petitioner's submissions here are not a model of clarity, what is clear across all his filings is that Petitioner insists the trial court erred by admitting Dr. Buchanan's testimony regarding his penetration of the victim. The problem for Petitioner, however, is that the jury in his second trial–the one resulting in conviction–never heard the complained of testimony. While defense counsel's hearsay objection with respect to Dr. Buchanan's testimony was overruled, the trial transcript clearly establishes the prosecutor moved on and the testimony regarding penetration was never elicited from Dr. Buchanan. *See* Trial II Tr. IV, ECF No. 16-15, PageID.1583-1586. And when a similar question was presented to Melissa Peterson, the trial court sustained the defense objection. Trial II Tr. IV, ECF No. 16-17, PageID.1885. So again the complained of evidence was not heard by the jury. Simply put, even if the trial court improperly ruled the testimony regarding penetration admissible, the jury never heard it, and so there is no basis for this claim of relief in the record. Accordingly, the Court rejects Ground IV of Petitioner's habeas petition simply because it is firmly contradicted by the trial record.

In sum the Magistrate Judge properly concluded that Petitioner is not entitled to the habeas corpus relief he seeks and that Petitioner is not entitled to a certificate of appealability.

**ACCORDINGLY IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 25) is **APPROVED AND ADOPTED** as the opinion of the Court to the extent provided in this Order.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**; and

2. Petitioner is **DENIED** a certificate of appealability.


Dated:      November 30, 2018             /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE